**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51415**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 21, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JARROD KANE POWELL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Annie O. McDevitt, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of incarceration of two years, for felony possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Jarrod Kane Powell pled guilty to felony possession of a controlled substance, Idaho Code § 37-2732(c), and misdemeanor driving under the influence (second within ten years), I.C. §§ 18-8004, -8005(4). For the possession of a controlled substance conviction, the district court imposed a unified sentence of five years, with a minimum period of incarceration of two years, and retained jurisdiction. The district court ordered credit for time served for the misdemeanor conviction. Powell appeals, contending that his sentence is excessive and the district court should have placed him on probation.

1

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction.  I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Powell's judgment of conviction and sentence are affirmed.